**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Footprint Power Salem Harbor Development LP** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-1091360** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **24 Fort Avenue** <br> **Salem, MA 01970-5623** <br> Number, Street, City, State & ZIP Code | **c/o Tateswood Energy Company, LLC** <br> **480 Wildwood Forest Drive, Suite 475** <br> **Spring, TX 77380** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Essex** <br> County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **N/A** |
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☒ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **Footprint Power Salem Harbor Development LP**                                Case number (if known) _____
_____
          Name

**7. Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   ___2211___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. Check all that apply:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number _____ |
| | District | _____ | When | _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **See Rider 1** | | | Relationship | **Affiliate** |
| District | **Delaware** | When | **03/23/2022** | Case number, if known | _____ |

| Debtor | **Footprint Power Salem Harbor Development LP** | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.[1]

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors[2]**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets[3]**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☒ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities[4]**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☒ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

[1] Any potential distributions to unsecured creditors will be subject to events that occur during this chapter 11 case.

[2] The Debtors' estimated number of creditors is provided on a consolidated basis.

[3] The Debtors' estimated assets are provided on a consolidated basis.

[4] The Debtors' estimated liabilities are provided on a consolidated basis.

| Debtor | **Footprint Power Salem Harbor Development LP** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/23/2022
                       MM / DD / YYYY

X  /s/ John R. Castellano                                    John R. Castellano
Signature of authorized representative of debtor      Printed name

Title    Chief Restructuring Officer

---

**18. Signature of attorney**

X  /s/ Andrew L. Magaziner                              Date  03/23/2022
Signature of attorney for debtor                                MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**         Email address    **amagaziner@ycst.com**

**5426 DE**
Bar number and State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>")[1] filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Footprint Power Salem Harbor Development LP and under the case name Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP).

| COMPANY |
| --- |
| Footprint Power Salem Harbor Development LP |
| Footprint Power SH DevCo GP LLC |
| Footprint Power Salem Harbor FinCo, LP |
| Highstar Footprint Holdings GP, LLC |
| Highstar Footprint Power Holdings L.P. |
| Footprint Power Salem Harbor FinCo GP, LLC |

---

[1] The Debtors have used the words "Footprint Power" and its associated logo in their names pursuant to a license (the "<u>License</u>") granted by the trademark owner Footprint Power Holdings, LLC (the "<u>Trademark Licensor</u>"). The License was terminated in accordance with the governing License agreement shortly before the commencement of these chapter 11 cases. Accordingly, to avoid and/or mitigate any alleged claims the Trademark Licensor may assert against the estates, the Debtors will no longer be utilizing the "Footprint" logo and, as part of their "first day" motions, are seeking authorization to change the respective Debtors' names that will be utilized in connection with these chapter 11 cases.

**OMNIBUS ACTION TAKEN BY WRITTEN CONSENT OF**

**THE SPECIAL COMMITTEES OF THE BOARDS OF MANAGERS OF
HIGHSTAR FOOTPRINT HOLDINGS GP, LLC
FOOTPRINT POWER SH DEVCO GP LLC**

**- AND -**

**THE GOVERNING BODIES OF
HIGHSTAR FOOTPRINT HOLDINGS GP, LLC
HIGHSTAR FOOTPRINT POWER HOLDINGS L.P.
FOOTPRINT POWER SALEM HARBOR FINCO GP, LLC
FOOTPRINT POWER SALEM HARBOR FINCO, LP
FOOTPRINT POWER SH DEVCO GP LLC
FOOTPRINT POWER SALEM HARBOR DEVELOPMENT LP**

March 23, 2022

**WHEREAS**, (i) Highstar Footprint Holdings GP, LLC ("TopCo GP"), a Delaware limited liability company, is managed by a Board of Managers (the "TopCo Board"); (ii) Highstar Footprint Power Holdings, L.P. ("TopCo"), a Delaware limited partnership, is managed by TopCo GP in its capacity as the general partner of TopCo; (iii) Footprint Power Salem Harbor FinCo GP, LLC ("FinCo GP"), a Delaware limited liability company, is managed by its sole member, TopCo; (iv) Footprint Power Salem Harbor FinCo, LP ("FinCo"), a Delaware limited partnership, is managed by FinCo GP in its capacity as general partner of FinCo; (v) Footprint Power SH DevCo GP, LLC ("DevCo GP"), a Delaware limited liability company, is managed by a Board of Managers (the "DevCo Board"); and (vi) Footprint Power Salem Harbor Development LP ("DevCo"), a Delaware limited partnership, is managed by DevCo GP in its capacity as general partner of DevCo;

**WHEREAS**, TopCo GP, TopCo, FinCo GP, FinCo, DevCo GP, and DevCo, are referred to collectively herein as the "Salem Harbor Companies" and each as a "Company;"

**WHEREAS**, on November 11, 2021, the TopCo Board and the DevCo Board (together, the "Boards") adopted a resolution (the "Special Committee Resolution") establishing a special committee of each of the Boards comprised of the two independent and disinterested managers, Mr. D. Jan Baker and Mr. William Transier (together, the "Special Committees");

**WHEREAS**, pursuant to the Special Committee Resolution and that certain written consent, dated as of March 17, 2022 (the "Written Consent"), the Boards delegated to the Special Committees, to the fullest extent permitted by applicable law, among other things, the exclusive authority to consider, negotiate, approve, authorize, and act upon any Conflict Matter (as defined in the Written Consent);

**WHEREAS**, the Special Committee has determined that the matters the Special Committee is approving and authorizing herein, including (which word and similar forms thereof, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without

limitation") the commencement of the Chapter 11 Cases (defined below), the approval of the cash collateral and adequate protection obligations, the Salem Harbor Companies' entry into and performance under the RSA (defined below), and the Bidding Procedures and Marketing Process, in each case, constitute Conflict Matters;

WHEREAS, each of (i) the TopCo Board, (ii) TopCo GP, as the general partner of TopCo, (iii) TopCo as the sole member of FinCo GP, (iv) FinCo GP as the general partner of FinCo, (v) the DevCo Board, and (iv) DevCo GP as the general partner of DevCo are referred to collectively herein as the "Governing Bodies";

WHEREAS, the Governing Bodies previously authorized the appointment of Mr. John Castellano, an employee of AP Services, LLC ("AlixPartners"), to serve as the Salem Harbor Companies' chief restructuring officer (the "CRO"), consistent with the terms of the CRO Agreement (as defined below);

WHEREAS, Mr. John Lambert and Mr. John Castellano, in his capacity as CRO (each, an "Authorized Person"), are authorized to take action on behalf of the respective Salem Harbor Companies;

WHEREAS, the Special Committees have reviewed and considered the financial and operational condition of each Company and of the Salem Harbor Companies as a whole, including  the historical performance of the Salem Harbor Companies, the assets of the Salem Harbor Companies, the current and long-term liabilities of the Salem Harbor Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

WHEREAS, the Special Committees have had the opportunity to consult with the management and the legal and financial advisors of the Salem Harbor Companies to fully consider each of the strategic alternatives available to the Salem Harbor Companies;

WHEREAS, the Special Committees have received, reviewed, and considered the recommendations of, and the materials presented by, the management of the Salem Harbor Companies and the Salem Harbor Companies' legal, financial, and other advisors as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Salem Harbor Companies believe that taking the actions set forth below is in the best interests of each Company and, therefore, desires to approve the following resolutions;

WHEREAS, to the extent required by Section 2.4(a)(ii) of the Amended and Restated Master Governing Agreement dated as of January 26, 2021 by and among Highstar Footprint Main Interco LLC, Highstar Footprint Prism/IV-A Interco LLC, OCM-Highstar Footprint Aggregator LLC ("OCM"), Footprint Power Salem Harbor Holdings LP, TopCo GP, and TopCo (the "MGA"), the TopCo Board and the Footprint Designee (as defined in the MGA), by acknowledging and accepting the resolutions set forth herein, are each consenting to the Salem Harbor Companies taking the action contemplated by the resolutions set forth below;

**WHEREAS**, on March 18, 2022, Footprint Power Holdings, LLC in its capacity as trademark owner terminated the license pursuant to which the Salem Harbor Companies used the words "Footprint Power" and its associated logo in their names in accordance with the governing agreement;

**WHEREAS**, prior to filing the Petitions (as defined below), TopCo Board, acting as the board of managers of TopCo GP and, solely with respect to the Pre-Petition Amendments (as defined below), OCM acting as the sole member and the "Majority Members" of TopCo GP; TopCo GP, acting as the general partner of TopCo; TopCo, acting as the sole member of FinCo GP; FinCo GP, acting as the general partner of FinCo; FinCo, acting as the sole member of DevCo GP; and DevCo GP, acting as the general partner of DevCo (each, an "Amending Party" and collectively, the "Amending Parties") have each determined that it is advisable and in the best interests of the respective Company and such Company's respective equity holders to amend the limited liability company agreements and limited partnership agreements, as applicable, of each of the Salem Harbor Companies, in each case (i) as set forth on Exhibit A attached hereto (collectively, the "Pre-Petition Amendments"), the terms of which hereby are incorporated by reference herein, effective as of immediately prior to filing the Petitions (as defined below) and (ii) as set forth on Exhibit B attached hereto (collectively, the "Name Change Amendments" and, together with the Pre-Petition Amendments, the "Organizational Document Amendments"), the terms of which hereby are incorporated by reference herein, effective immediately following the entry of the Cash Collateral Order (as defined below); and

**WHEREAS**, the respective capacities of the Amending Parties in respect of the Salem Harbor Companies set forth to in the immediately preceding recital is referred to herein as the Amending Party's "Amending Capacity" with respect to each such Company.

## I.    Commencement of Chapter 11 Cases

**NOW, THEREFORE, BE IT RESOLVED**, that the Special Committees have determined, on behalf of each Company, after due consultation with the management and the legal and financial advisors of the Salem Harbor Companies, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition (the "Petition" and, together with the similar petitions by all other Salem Harbor Companies, the "Petitions") be filed by such Company seeking relief under the provisions of the Bankruptcy Code;

**RESOLVED**, that each of Messrs. John Lambert and John Castellano, as well as any other Authorized Person be, and hereby is, authorized and directed to execute and file in the name and on behalf of each Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person or any one of them, deems necessary, proper, or advisable in connection with each Company's chapter 11 case (each case, a "Chapter 11 Case," and collectively, the "Chapter 11 Cases"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with

3

the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case;

## II.    Restructuring Support Agreement

**RESOLVED**, that in the judgment of the Special Committees, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "RSA") by and among the Salem Harbor Companies, certain of their affiliates, and certain consenting stakeholders substantially in the form presented to the Special Committees on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and empowered to enter into, on behalf of each Company, the RSA, any additional agreements contemplated thereunder, any related ancillary documentation, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute the RSA on behalf of each Company and to take all necessary actions in furtherance of consummation of such agreement's terms;

## III.    Bidding Procedures Motion and Marketing Process

**RESOLVED**, that in the judgment of the Special Committees, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized, consistent with the RSA, to file with the Bankruptcy Court a motion seeking approval of, among other things, (i) a sale of all, or substantially all, of the Salem Harbor Companies' assets, and (ii) the proposed bidding and auction procedures pursuant to which the Salem Harbor Companies will market their assets (the "Bidding Procedures Motion");

**RESOLVED**, that in the judgment of the Special Committees, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to engage in a marketing process for the Salem Harbor Companies' assets to identify the highest or otherwise best offer for the Salem Harbor Companies' assets, and such marketing process shall be consistent with the marketing and bidding process contemplated by the RSA (the "Marketing Process"), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**RESOLVED**, that each of the Authorized Person be, and hereby is, authorized and empowered to file the Bidding Procedures Motion, on behalf of each Company, and to pursue the Marketing Process, consistent with the RSA, and to take any and all actions necessary or advisable to advance each Company's rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions, consistent with the RSA;

## IV.    Retention of Professionals

**RESOLVED**, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP be, and hereby is, retained as chapter 11 co-counsel to represent and assist the Salem Harbor Companies in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Salem Harbor Companies' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP be, and hereby is, retained as chapter 11 co-counsel to represent and assist the Salem Harbor Companies in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Salem Harbor Companies' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

**RESOLVED**, that AlixPartners be, and hereby is, retained as financial advisor in connection with the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety, including entry into an agreement (the "CRO Agreement") among the Salem Harbor Companies and AlixPartners, to provide management services to the Salem Harbor Companies;

**RESOLVED**, that Prime Clerk LLC be, and hereby is, retained as claims, noticing, solicitation, and administrative agent in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

**RESOLVED**, that Houlihan Lokey Capital, Inc. be, and hereby is, retained as investment banker in connection with the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

**RESOLVED**, that the Salem Harbor Companies, be, and hereby are, authorized to employ any other professionals as the Special Committees or the Authorized Persons hereafter determine may be necessary, proper, or advisable to assist the Salem Harbor Companies, or any one of them, in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, and all related matters and to take any and all actions to advance the Salem Harbor Companies' rights and obligations in connection therewith;

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized and directed in the name and on behalf of the Salem Harbor Companies, or any one of them, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals, as necessary;

## V.    Cash Collateral and Adequate Protection

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code

(the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Lenders") party to that certain Credit Agreement, dated as of January 9, 2015 (as amended, restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof, the "Prepetition Credit Agreement");

> **RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations"), as documented in order(s) to be entered by the Bankruptcy Court substantially in the form presented to the Special Committees on or in advance of the date hereof (the "Cash Collateral Order"), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

> **RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order;

> **RESOLVED**, that any Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute, and deliver the Cash Collateral Order to which such Company is a party;

> **RESOLVED**, that any Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Cash Collateral Order and any documents in relation thereto (the "Cash Collateral Documents"), which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Cash Collateral Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

> **RESOLVED**, that any Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable;

## VI.    Organizational Document Amendments

> **RESOLVED**, that the Amending Parties, each acting in its Amending Capacity with respect to its applicable Company, hereby approve the respective Organizational Document Amendments;

> **RESOLVED**, that the Amending Parties, each acting in its Amending Capacity with respect to its applicable Company, hereby approve the name change with respect to each Company set forth in the Name Change Amendments;

**RESOLVED**, that each such Pre-Petition Amendment shall be effective immediately prior to the filing of the first Petition to be filed by any of the Salem Harbor Companies;

**RESOLVED**, that each such Name Change Amendment shall be effective immediately following entry of the Cash Collateral Order by the Bankruptcy Court;

**RESOLVED**, that the Amending Parties, each acting in its Amending Capacity with respect to its applicable Company, hereby authorize and direct the Authorized Persons, and any one of them, to prepare, execute and deliver, in the name and on behalf of such Company, such agreements, documents or other instruments as any Authorized Person may deem necessary, proper, or advisable to evidence the Organizational Document Amendments approved by the preceding resolutions set forth in this section including, without limitation, the preparation, execution and delivery of any certificate of amendment in connection with the Name Change Amendments; provided, that nothing in this resolution is intended to imply that any such agreement, document or instrument is so needed, the intent of this resolution being that the immediately preceding resolution and Exhibit A and Exhibit B attached hereto are, in and of themselves, sufficient to effect the Organizational Document Amendments approved thereby and the authority granted to the Authorized Persons in this resolution is merely supplemental thereto should any such Authorized Person deem it necessary, proper, or advisable to otherwise or additionally document such Organizational Document Amendments;

## VII.    General Authorization and Ratification

**RESOLVED**, that the Special Committees and each Governing Body, as applicable, have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Salem Harbor Companies, or hereby waives any right to have received such notice;

**RESOLVED**, that each Authorized Person be, and each, acting alone, hereby is, authorized and directed, in the name and on behalf of each Company, to (i) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary, proper, or advisable to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (ii) perform the obligations of each Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person or his or her delegate performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person or his or her delegate shall be conclusive evidence of the approval thereof by such Authorized Person or his or her delegate and by the applicable Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

**RESOLVED**, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing

resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of any applicable Company in all respects and for all purposes; and

      **RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Special Committees and each Governing Body, as applicable, each Authorized Person, the Special Committees (and their designees and delegates), and each Governing Body (and their designees and delegates), as applicable, be, and hereby is, authorized and directed, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

*[Remainder of page intentionally left blank; signature pages follow]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**SPECIAL COMMITTEE OF THE BOARD OF MANAGERS OF HIGHSTAR FOOTPRINT HOLDINGS GP, LLC**

**AND**

**SPECIAL COMMITTEE OF THE BOARD OF MANAGERS OF FOOTPRINT POWER SH DEVCO GP LLC**

DocuSigned by:

*D.J. Baker*

32BC51B27A4945C...

D.J. Baker

DocuSigned by:

*William Transier*

C59000208F2E42B...

William Transier

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**BOARD OF MANAGERS OF HIGHSTAR FOOTPRINT HOLDINGS GP, LLC**

**AND**

**BOARD OF MANAGERS OF FOOTPRINT POWER SH DEVCO GP LLC**

Ian Schapiro

Alex Raksin

Peter Furniss

William Transier

D.J. Baker

Jared Parker

Ryan Lee

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**HIGHSTAR FOOTPRINT HOLDINGS GP, LLC**

**HIGHSTAR FOOTPRINT POWER HOLDINGS L.P.**

**FOOTPRINT POWER SALEM HARBOR FINCO GP, LLC**

**FOOTPRINT POWER SALEM HARBOR FINCO, LP**

**FOOTPRINT POWER SH DEVCO GP LLC**

**FOOTPRINT POWER SALEM HARBOR DEVELOPMENT LP**

By: John Castellano
Title: Chief Restructuring Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**OCM-HIGHSTAR FOOTPRINT AGGREGATOR LLC**

By: Highstar Capital GP IV, L.P.
By: Highstar Capital GP IV, LLC

By: Alex Raksin
Title: Authorized Signatory

**ACKNOWLEDGED & ACCEPTED:**

**FOOTPRINT POWER SALEM HARBOR
HOLDINGS LP**

DocuSigned by:

*Peter Furniss*

071C756BE8E9429...

By: Peter Furniss
Title: Authorized Person

SIGNATURE PAGE TO ACKNOWLEDGEMENT AND ACCEPTANCE OF ACTION BY WRITTEN
CONSENT BY FOOTPRINT POWER SALEM HARBOR HOLDINGS LP

## Exhibit A

**[Intentionally Omitted]**

## Exhibit B

**[Intentionally Omitted]**

Fill in this information to identify the case:

Debtor name  **Footprint Power Salem Harbor Development LP, _et al._**

United States Bankruptcy Court for the:  **District of Delaware**

Case number (if known): _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | IBERDROLA ENERGY PROJECTS, INC c/o STEPTOE & JOHNSON LLP 633 WEST FIFTH STREET, SUITE 1900 LOS ANGELES, CA 90071 | ATTN: JEFFREY REISNER AND THOMAS WATSON EMAIL: JREISNER@STEPTOE.COM, TWATSON@STEPTOE.COM | Judgment Claim[2] | | | | $237,105,080 |
| 2 | ABB INC. 12040 REGENCY PARKWAY STE 300 CARY, NC 27518 | GAYLE ABSHIRE PHONE: 617-281-1641 EMAIL: GAYLE.ABSHIRE@US.ABB.COM | Trade Debt | Unliquidated | | | $0 |
| 3 | AIRGAS USA, LLC 97 MAPLE ST STOUGHTON, MA 02072-1105 | KEVIN FRAZIER PHONE: 781-341-4575 EMAIL: KEVIN.FRAZIER@AIRGAS.COM | Trade Debt | Unliquidated | | | $0 |
| 4 | ATLANTIC MILLWRIGHTS INC 77 CONCORD ST NORTH READING, MA 01864-2601 | MIKE KIRBY PHONE: 617-212-5987 EMAIL: MIKE.KIRBY@AMILLWRIGHTS.COM | Trade Debt | Unliquidated | | | $0 |
| 5 | BAKER HUGHES HOLDINGS LLC DBA BENTLY NEVADA 1631 BENTLY PARKWAY SOUTH MINDEN, NV 89423-4119 | DAVID CHAPPRON PHONE: 832-325-4340 EMAIL: DAVID.CHAPPRON@BHGE.COM | Trade Debt | Unliquidated | | | $0 |
| 6 | BEAR COMMUNICATIONS DBA COMTRONICS 4009 DISTRIBUTION DRIVE #200 GARLAND, TX 75041 | DAVID PAMP PHONE: 617-770-0212 EMAIL: DPAMP@RADIOSHOP.COM | Trade Debt | Unliquidated | | | $0 |
| 7 | BERKSHIRE ENVIRONMENTAL CONSULTANTS INC 1450 EAST STREET STE 6-H PITTSFIELD, MA 01201 | BILL STENGLE PHONE: 413-443-0130 EMAIL: WFS20HLM@AOL.COM | Trade Debt | Unliquidated | | | $0 |
| 8 | BORDEN & REMINGTON CORP PO BOX 2573 FALL RIVER, MA 02722 | ROBERT BOGAN PHONE: 508-675-0096 EMAIL: | Trade Debt | Unliquidated | | | $0 |

---

[1] Certain creditors identified herein are listed with "$0" claim amounts.  With respect to such creditors, the Debtors believe that invoices for outstanding amounts that may be owed to such creditors may not yet have been received by the Debtors.  Such creditors are listed herein in alphabetical order by creditor name.

[2] On March 23, 2022, prior to the commencement of the Debtors' chapter 11 cases, Iberdrola Energy Projects, Inc. recorded a judicial lien on the land records with the Southern Essex District Registry of Deeds in Massachusetts with respect to its judgment claim.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                    Best Case Bankruptcy

28849992.6

| Debtor | Footprint Power Salem Harbor Development LP, *et al.* | | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|---|
| | Name | | | | | | |

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | CE POWER ENGINEERED SERVICES LLC 4040 REV DRIVE CINCINNATI, OH 45232 | MIKE ROACH PHONE: 855-881-3911 EMAIL: MIKE.ROACH@CEPOWER.NET | Trade Debt | Unliquidated | | | $0 |
| 10 | CEMS SERVICES INC 360 OLD COLONY ROAD SUITE 1 NORTON, MA 02766 | CHRIS CUTTING PHONE: 508-226-6700 EMAIL: CCUTTING@CEMSERVICES.COM | Trade Debt | Unliquidated | | | $0 |
| 11 | CINTAS CORPORATION PO BOX 631025 CINCINNATI, OH 45263-1025 | SHAUN SPALDING PHONE: 813-469-8159 EMAIL: SPALDINGS@CINTAS.COM | Trade Debt | Unliquidated | | | $0 |
| 12 | CLEAN HARBORS ENVIRONMENTAL SERVICES INC. 42 LONGWATER DRIVE PO BOX 9149 NORWELL, MA 02061 | JAMES CHENEY PHONE: 781-803-4150 EMAIL: CHENEYJ@CLEANHARBORS.COM | Trade Debt | Unliquidated | | | $0 |
| 13 | DELANDE SUPPLY CO., INC. P.O. BOX 707 PEABODY, MA 01960 | MAX THELEN PHONE: 978-532-5850 EMAIL: | Trade Debt | Unliquidated | | | $0 |
| 14 | DELTA BECKWITH ELEVATOR COMPANY 115 SHAWMUT ROAD CANTON, MA 02021 | ORLANDO MEDINA PHONE: 617-869-5308 EMAIL: ORLANDO.MEDIAN@DELTA-BECKWITH.COM | Trade Debt | Unliquidated | | | $0 |
| 15 | EDF, INC DBA EDF TRADING NORTH AMERICA LLC 601 TRAVIS ST SUITE 1700 HOUSTON, TX 77002 | KEITH MCQUEEN PHONE: 215-341-2199 EMAIL: KEITH.MCQUEEN@EDFENERGYSERVICES.COM | Trade Debt | Unliquidated | | | $0 |
| 16 | FIRE EQUIPMENT INC 20 HALL STREET MEDFORD, MA 02155 | BRETT HUBBARD | Trade Debt | Unliquidated | | | $0 |
| 17 | FIRST ELECTRIC MOTOR SERVICE INC 73 OLYMPIA AVENUE WOBURN, MA 01801 | ERIN GUENDNER PHONE: 781-491-1183 EMAIL: EGUENDNER@FIRSTELECTRIC.COM | Trade Debt | Unliquidated | | | $0 |
| 18 | INTERNATIONAL BUSINESS MACHINES CORP IBM 1 NORTH CASTIE DRIVE ARMONK, NY 10504 | ATTN: ARVIND KRISHNA PHONE: 914-499-1900 EMAIL: IBM.COM/CUSTOMERSUPPORT/US | Trade Debt | Unliquidated | | | $0 |
| 19 | MAINE ONY ACETYLENE SUPPLY CO 100 WASHINGTON ST N AUBURN, ME 04210 | JOHN BROCKWAY PHONE: 603-667-6785 EMAIL: JBROCKWAY@MAINEOXY.COM | Trade Debt | Unliquidated | | | $0 |
| 20 | MILLENNIUM POWER SERVICES INC 80 MAINLINE DRIVE WESTFIELD, MA 01085 | MARK RICHARDSON PHONE: 413-562-5332 EMAIL: MRICHARDSON@MILLENNIUMPOWER.NET | Trade Debt | Unliquidated | | | $0 |
| 21 | O'CONNOR CORPORATION 45 INDUSTRIAL DRIVE CANTON, MA 02021 | PETER GRAVALLESE PHONE: 781-830-1947 EMAIL: GRAVALLESE@OCONNORCONST.COM | Trade Debt | Unliquidated | | | $0 |
| 22 | OST SERVICES LLC 55 CHAPMAN ST PROVIDENCE, RI 02905 | JOSLYN LEARY PHONE: 401-467-8661 EMAIL: JOSLYNLEARY@OSTSERVICES.COM | Trade Debt | Unliquidated | | | $0 |
| 23 | PROVEN COMPLINACE SOLUTIONS INC 1312 N MONROE ST, STE 272 SPOKANE, WA 99201 | SANDI PEA PHONE: 509-504-5498 EMAIL: SPEA@PROVENCOMPLIANCE.COM | Trade Debt | Unliquidated | | | $0 |
| 24 | REGIONAL GREENHOUSE GAS INITIATIVE INC 90 CHURCH ST 4TH FLOOR NEW YORK, NY 10007 | PHONE: 212-417-7329 EMAIL: INFO@RGGI.ORG | Trade Debt | Unliquidated | | | $0 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                        Best Case Bankruptcy

28849992.6

Debtor   Footprint Power Salem Harbor Development LP, *et al.*     Case number *(if known)* _____
_____
         Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | ROSEMOUNT INC 6021 INNOVATION BLVD SHAKOPEE, MN 55379 | KYLE MILBRATH PHONE: 800-999-9307 EMAIL: KYLE.MILBRATH@EMERSON.COM | Trade Debt | Unliquidated | | | $0 |
| 26 | SBS CISCO, INC DBA CUSTOM INSTRUMENT SERVS CORP 7841 S WHEELING CT ENGLEWOOD, CO 80112 | SUE MASTRO PHONE: 303-796-1000 EMAIL: SMASTRO@CISCOCEMS.COM | Trade Debt | Unliquidated | | | $0 |
| 27 | SUNBELT RENTALS, INC. 2341 DEERFIELD DRIVE FORT MILL, SC 29715 | PAM PONTE PHONE: 843-747-9158 EMAIL: PFULGHUM@SUNBELTRENTALS.COM | Trade Debt | Unliquidated | | | $0 |
| 28 | UNITED POWER GROUP INC. 1256 PARK STREET, SUITE 202 STOUGHTON, MA 02072 | JESSICA DESTASIO PHONE: 508-559-1694 EMAIL: UPGINC@HOTMAIL.COM | Trade Debt | Unliquidated | | | $0 |
| 29 | VIKING COMPUTER INTEGRATION SERVICES LLC 24 LENAPE COURT MOUNT LAUREL, NJ 08054 | JOHN EIGENBROOD PHONE: 609-471-4109 EMAIL: JOHN@VIKINGCOMP.COM | Trade Debt | Unliquidated | | | $0 |
| 30 | ZAMPELL REFRACTORIES INC 3 STANLEY TUCKER DRIVE NEWBURYPORT, MA 01950 | KIM FILTRANTI PHONE: 978-499-5149 EMAIL: KIM.FILTRANTI@ZAMPELL.COM" | Trade Debt | Unliquidated | | | $0 |

Official form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims     page 3

28849992.6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Footprint Power Salem Harbor Development LP | ) | Case No. 22-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Footprint Power SH DevCo GP LLC 1209 Orange Street Wilmington, DE 19801 | General Partnership | 100% |
| Footprint Power Salem Harbor FinCo, LP 2711 Centerville Road, Suite 400 Wilmington, DE 19808 | Limited Partnership | 100% |

---

[1] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 cases

**Fill in this information to identify the case:**

Debtor name      **Footprint Power Salem Harbor Development LP**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration      **List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **March 23, 2022**          X  */s/ John R. Castellano*
                                              Signature of individual signing on behalf of debtor

                                           John R. Castellano
                                           Printed name

                                           Chief Restructuring Officer
                                           Position or relationship to debtor