## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FOOTPRINT POWER SALEM HARBOR DEVELOPMENT LP, *et al.*,[1] | Case No. 22-10239 (   ) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF
### INTERIM AND FINAL ORDERS (A) AUTHORIZING PAYMENT OF CERTAIN
### PREPETITION TAXES AND FEES AND (B) GRANTING RELATED RELIEF

Footprint Power Salem Harbor Development LP and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows in support of this motion (this "Motion"):

### RELIEF REQUESTED

1. By this Motion, pursuant to sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request entry of an interim order (the "Interim Order") and a final order (the "Final Order," and, together with the Interim Order, the "Proposed Orders"), substantially in the forms attached hereto as **Exhibit A** and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Footprint Power Salem Harbor Development LP (1360); Highstar Footprint Holdings GP, LLC (2253); Highstar Footprint Power Holdings L.P. (9509); Footprint Power Salem Harbor FinCo GP, LLC (N/A); Footprint Power Salem Harbor FinCo, LP (9219); and Footprint Power SH DevCo GP LLC (9008). The location of the Debtors' service address is: c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380. The Debtors have used the words "Footprint Power" and its associated logo in their names pursuant to a license (the "License") granted by the trademark owner Footprint Power Holdings, LLC (the "Trademark Licensor"). The License was terminated in accordance with the governing License agreement shortly before the commencement of these chapter 11 cases. Accordingly, to avoid and/or mitigate any alleged claims the Trademark Licensor may assert against the estates, the Debtors will no longer be utilizing the "Footprint" logo and, as part of their "first-day" motions, are seeking authorization to change the respective Debtors' names that will be utilized in connection with these chapter 11 cases.

**Exhibit B**, respectively, (a) authorizing them to remit and pay, in the ordinary course of business, certain prepetition taxes, including, but not limited to, property, commercial activity, excise, sales & use, environmental, emissions, and various other taxes, fees, permits, licenses, charges, and assessments (collectively, the "Taxes and Fees"), and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing to consider approval of this Motion on a final basis.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these chapter 11 cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

**BACKGROUND**

4.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

5.     The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   To date, no trustee, examiner or statutory committee has been appointed in these chapter 11 cases.

6.     Contemporaneously herewith, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

7.     Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of Chapter 11 Petitions and First Day Pleadings*, sworn to on the date hereof (the "First Day Declaration"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## TAXES BACKGROUND

8.     In the ordinary course of their business, the Debtors incur and/or collect the Taxes and Fees and remit such Taxes and Fees to various federal, state, and local taxing, and other governmental authorities and/or certain municipal or governmental subdivisions or agencies of those governmental units (collectively, the "Authorities") in connection with operating the Facility (as defined in the First Day Declaration).  The Taxes and Fees are paid monthly, quarterly, or annually to the respective Authorities, depending on the given Tax or Fee and the relevant Authority to which it is paid.

9.     Taxes and Fees paid by the Debtors include, without limitation, the following:

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

| Category | Description |
|---|---|
| **Property Taxes** | Debtor Footprint Power Salem Harbor Development LP ("DevCo") is party to that certain Payment In Lieu of Tax Agreement as of December 16, 2014 (the "PILOT Agreement"), with the City of Salem, Massachusetts. Pursuant to the PILOT Agreement, the Debtors pay scheduled amounts on a quarterly basis in lieu of regular real and personal property taxes related to the Facility. The term of the PILOT Agreement runs through June 30, 2032. In 2021, the Debtors paid the City of Salem approximately $5.1 million pursuant to the PILOT Agreement. |
| **Sales & Use Taxes** | The Debtors pay sales & use taxes to the Massachusetts Department of Revenue on a monthly basis. Certain of the Debtors' vendors are exempt from collecting sales & use taxes in connection with the provision of goods or materials to the Debtors, but the Debtors remain obligated to pay such sales & use taxes directly to the Massachusetts Department of Revenue. In addition, certain of the Debtors' vendors may charge sales & use taxes for goods or materials that the Debtors are otherwise exempted from paying. Each month, the Debtors file a tax return reconciling applicable sales & use taxes related to the prior month and pay any additional sales & use taxes that may be due and owing to the Massachusetts Department of Revenue. In 2021, the Debtors paid approximately $3,000 in sales & use taxes. |
| **Excise Taxes** | The Debtors pay excise taxes in connection with certain vehicles owned by the Debtors used in connection with operating the Facility. In 2021, the Debtors paid approximately $600 in excise taxes. The Debtors do not believe any prepetition excise taxes amount will come due in the Interim Period (as defined below). |
| **Commercial Activity, Environmental, and Regulatory Taxes and Fees** | The Debtors pay various Taxes and Fees related to annual reporting fees, filing fees, fees for business licenses, permits, and certificates, environmental and regulatory permitting, licensing, regulatory assessments, compliance with environmental laws and regulations, emissions, and other similar fees imposed by the Authorities. In 2021, the Debtors paid approximately $14,000 in such Taxes and Fees. The Debtors do not believe that any prepetition amounts related to Commercial Activity, Environmental, and Regulatory Taxes and Fees will come due in the Interim Period. |
| **Fees Pursuant to Community Benefits Agreement** | In addition to the PILOT Agreement, DevCo is party to that certain Community Benefits Agreement dated as of December 16, 2014 with the City of Salem, Massachusetts. DevCo entered into this agreement with the City of Salem in connection with developing, constructing, and operating the Facility, which required DevCo to apply for and obtain numerous state and local licenses, permits, and approvals. Pursuant to this Community Benefits Agreement, among other things, the City of Salem agreed not to take any action to oppose the development, construction, or operation of the Facility and DevCo agreed to make certain scheduled payments to the City of Salem to support community programs and initiatives, including, among other things, infrastructure improvements, environmental initiatives, and educational programs for local schools. The term of the Community Benefits Agreement runs through June 30, 2032. In 2021, the Debtors paid approximately $335,000 pursuant to this Community Benefits Agreement. The Debtors do not believe that any prepetition amounts pursuant to the Community Benefits Agreement will come due in the Interim Period. By this Motion, the Debtors are seeking authority but not direction to make payments on account of any prepetition claims, if any, arising under the Community Benefits Program. |

10.     By this Motion, the Debtors seek authority to pay all prepetition Taxes and Fees in the ordinary course of business owed to the Authorities. As of the Petition Date, the

Debtors estimate that they owe only *de minimis* prepetition amounts related to Taxes and Fees, if any, but out of an abundance of caution, seek the authority under this Motion to satisfy any prepetition amounts that may be asserted under the PILOT Agreement or the Community Benefits Agreement, and any other prepetition Taxes and Fees that the Authorities may assert based upon any future audit or otherwise.  In particular, certain *de minimis* prepetition amounts related to sales & use taxes incurred during March 2022 may be due and payable prior to any final hearing to consider approval of this Motion on a final basis (such period, the "Interim Period").  Such sales & use taxes are reconciled and paid on a monthly basis to the Massachusetts Department of Revenue and the Debtors estimate that such prepetition amounts, if any, will be less than $600. The Debtors also anticipate that the next quarterly payment under the PILOT Agreement (the "Second Quarter PILOT Payment"), covering the period from April 1, 2022 through June 30, 2022, will be due and payable on or before May 1, 2022.  The amount of the Second Quarter PILOT Payment is approximately $1.31 million.

11.    The Debtors also request that all of the Debtors' banks and other financial institutions (collectively, the "Banks") on which checks to third parties are drawn and/or electronic payments are made pursuant to an order granting this Motion be authorized to receive, process, honor, and pay any and all such checks (whether issued or presented prior to or after the Petition Date) and electronic payments, and to rely on the representations of the Debtors as to which checks are authorized to be paid.

**BASIS FOR RELIEF**

I. **THE COURT SHOULD AUTHORIZE, BUT NOT DIRECT, THE DEBTORS TO PAY, IN THEIR SOLE DISCRETION, THE TAXES AND FEES**

    A. **Payment of the Taxes and Fees Is Authorized under Sections 363(b), 105(a), 1107(a), and 1108 of the Bankruptcy Code and the Doctrine of Necessity**

12.     The Court may grant the relief requested herein pursuant to section 363(b) and 105(a) of the Bankruptcy Code.

13.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to section 363(b) of the Bankruptcy Code). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Id.*

14.     In addition, the Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. *Ionosphere Clubs*, 98 B.R. at 175. Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "doctrine of necessity." *Id.* at 175–76.

15.     The United States Court of Appeals for the Third Circuit recognized the doctrine of necessity in *In re Lehigh & New England Railway. Co.*, 657 F.2d 570, 581 (3d Cir.

1981).  The Third Circuit held that a court could authorize the payment of prepetition claims if

such payment was essential to the continued operation of the debtor.  *Id.* (stating courts may

authorize payment of prepetition claims when there "is the possibility that the creditor will employ

an immediate economic sanction, failing such payment"); *see also In re Penn Cent. Transp. Co.*,

467 F.2d 100, 102 n.1 (3d Cir. 1972) (recognizing that the necessity of payment doctrine permits

"immediate payment of claims of creditors where those creditors will not supply services or

material essential to the conduct of the business until their pre-reorganization claims shall have

been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (noting that, in

the Third Circuit, debtors may pay prepetition claims that are essential to continued operation of

business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

16.     The rationale for the doctrine of necessity—the rehabilitation of a debtor in

reorganization cases—is "the paramount policy and goal of Chapter 11."  *Ionosphere Clubs*,

98 B.R. at 176; *see also Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims

to certain trade vendors was "essential to the survival of the debtor during the

chapter 11 reorganization."); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr.

N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a

confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general

practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition

claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such

payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991)

(approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious

threat to the Chapter 11 process."); *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829

F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of "unequal treatment of pre-petition

debts when necessary for rehabilitation . . ." is appropriate); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."); 2 Collier on Bankruptcy ¶ 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

17.     Moreover, sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business.  11 U.S.C. §§ 1107(a), 1108.  Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty.  *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").  The *CoServ* court specifically noted that the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.*

18.     The Debtors submit that the timely payment of the Taxes and Fees is essential to the Debtors' continued, uninterrupted operations and the success of the Debtors' chapter 11 efforts.  The Debtors' payment of the Taxes and Fees is necessary to prevent the adverse consequences that likely would result from a failure to remit the payments described herein, including the failure to maintain good standing, potential audits, the loss of essential permits and licenses necessary to operate the Facility, and/or other enforcement actions or remedies pursued

by Authorities.    Significant disruptions to the Debtors' operations of this type threaten to irreparably impair the Debtors' efforts in these chapter 11 cases.

**B.    Payment of the Taxes and Fees Is Necessary and Appropriate to Ensure the Debtors' Smooth Transition into Chapter 11**

19.    The Debtors respectfully submit that the Court should authorize the payment of the Taxes and Fees because: (a) certain of the Taxes and Fees do not constitute property of the Debtors' chapter 11 estates; (b) certain of the Taxes and Fees constitute priority claims; and (c) the failure to pay certain of the Taxes and Fees may impact the Debtors' ability to conduct business in certain jurisdictions and their ability to perform under their postpetition agreements. Absent payment of these amounts, the Debtors may face serious disruptions and distractions during the administration of these chapter 11 cases, thus hindering the Debtors' efforts to maximize estate value through these restructuring proceedings.

20.    The sales & use taxes and excise taxes identified above are "trust fund taxes" that, by definition, are held by the Debtors in trust for the benefit of those third parties to whom payment is owed or on behalf of whom such payment is being made.  Section 541(d) of the Bankruptcy Code excludes "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest."  11 U.S.C. § 541(d).  It is well established, under section 541(d) of the Bankruptcy Code, that taxes collected on behalf of taxing authorities are not property of the estate.  *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (finding that funds held in trust for federal excise taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors).  Because the Taxes and Fees that are trust fund taxes do not constitute property of the Debtors' estates, these

amounts will not otherwise be available for distribution to the Debtors' creditors. Thus, the Debtors submit that payment of these Taxes and Fees will not adversely affect the Debtors' estates and, accordingly, is warranted.

21.     Moreover, claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims pursuant to section 507(a)(8) of the Bankruptcy Code. Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to "penalt[ies] related to a claim of a kind specified in this paragraph and in compensation for actually pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan of reorganization pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of such Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Furthermore, by paying such Taxes and Claims now, the Debtors will avoid any unnecessary fees, interest, or penalties that might otherwise accrue.

22.     In addition, in the ordinary course of business, the Debtors are required to pay certain Taxes and Fees to maintain good standing, or otherwise maintain or renew certain permits and licenses that are essential to the operation the Facility. Thus, if such Taxes and Fees are not paid, Authorities may refuse to issue good standing certificates or other permits and licenses, as applicable, and may refuse to take other actions requested of such Authorities by the Debtors during these chapter 11 cases, thereby hindering the Debtors' ability to continue their operations, preserve their go-forward business, and generate maximum value for the estates.

29210667.1

23.     Furthermore, the Debtors believe that some of these Authorities may initiate audits, attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies if the Debtors fail to pay the Taxes and Fees promptly.  Such actions would further divert attention and resources from the process of administering these chapter 11 cases and harm the Debtors' estates.  Accordingly, the Debtors respectfully request the authority to remit the Taxes and Fees to ensure that they can continue operating their business on an uninterrupted basis and thereby maximize value for the Debtors' estates.

24.     The Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and their stakeholders, and therefore should be granted.  Accordingly, the Debtors respectfully request that the Court authorize the Debtors to pay prepetition Taxes and Fees as set forth herein.

## II.     THE COURT SHOULD AUTHORIZE THE BANKS TO HONOR AND PROCESS THE DEBTORS' PAYMENTS ON ACCOUNT OF THE TAXES AND FEES

25.     In connection with the foregoing, the Debtors respectfully request that the Court (a) authorize the Banks to receive, process, honor, and pay all checks and transfers issued by the Debtors in accordance with this Motion, without regard to whether any checks or transfers were issued before or after the Petition Date; (b) provide that the Banks may rely on the Debtors' representations with respect to whether any check or transfer issued or made by the Debtors before the Petition Date should be honored pursuant to this Motion (such banks and other financial institutions having no liability to any party for relying on such representations by the Debtors provided for herein); and (c) authorize the Debtors to issue replacement checks or transfers to the extent any checks or transfers that are issued and authorized to be paid in accordance with this Motion are dishonored or rejected by the Banks.

29210667.1

26.    The Debtors represent that they have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows and cash on hand.  As a result of the commencement of these chapter 11 cases and in the absence of an order of the Court providing otherwise, the Debtors' checks and electronic fund transfers on account of the Taxes and Fees may be dishonored or rejected by financial institutions.  Under the Debtors' cash management system, the Debtors can readily identify checks or transfers as relating directly to payment of Taxes and Fees.  Accordingly, the Debtors believe that prepetition checks and transfers other than those for Taxes and Fees will not be honored inadvertently.  The Debtors submit that each Bank should be authorized to rely on the representations of the Debtors with respect to whether any check drawn or transfer request issued by the Debtors prior to the Petition Date should be honored pursuant to this Motion.

**IMMEDIATE RELIEF IS NECESSARY**

27.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  As described above and in the First Day Declaration, any disruption to the Debtors' payment of the Taxes and Fees would substantially diminish or impair the Debtors' efforts in these chapter 11 cases to preserve and maximize the value of their estates.  For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

**WAIVER OF ANY APPLICABLE STAY**

28.    The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order,

29210667.1

unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their business without interruption and to preserve value for their estates through these chapter 11 cases. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

29.     Nothing contained herein is intended to be or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' or any party in interest's rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

30.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware (Attn: Joseph Cudia); (b) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) counsel to the Prepetition Agent; (f) the Environmental Protection Agency and similar state agencies for states in which the Debtors conduct business; (g) the Federal Energy Regulatory Commission; (h) the Authorities; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

29210667.1

WHEREFORE, the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 23, 2022
Wilmington, Delaware

Respectfully submitted,

**YOUNG CONAWAY
STARGATT & TAYLOR, LLP**

*/s/ Katelin A. Morales*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Katelin A. Morales (No. 6683)
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  pmorgan@ycst.com
        amagaziner@ycst.com
        kmorales@ycst.com
        tpowell@ycst.com

- and –

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Brian S. Hermann (*pro hac vice* admission pending)
John T. Weber (*pro hac vice* admission pending)
Alice Nofzinger (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email: bhermann@paulweiss.com
        jweber@paulweiss.com
        anofzinger@paulweiss.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

29210667.1

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALEM HARBOR POWER DEVELOPMENT LP (f/k/a Footprint Power Salem Harbor Development LP), *et al.*,[1] | Case No. 22-_____ (___) |
| | (Jointly Administered) |
| Debtors. | **Docket Ref No._____** |

### INTERIM ORDER (A) AUTHORIZING PAYMENT OF CERTAIN
### PREPETITION TAXES AND FEES AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of

interim and final orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy

Code and Bankruptcy Rules 6003 and 6004, (a) authorizing the Debtors to pay certain Taxes and

Fees and (b) granting related relief, all as more fully set forth in the Motion and the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion and the hearing thereon having been

given as set forth in the Motion; and such notice having been adequate and appropriate under the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP) (1360); Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) (2253); Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.) (9509); Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (N/A); Salem Harbor Power FinCo, LP (f/k/a Footprint Power Salem Harbor FinCo, LP) (9219); and SH Power DevCo GP LLC (f/k/a Footprint Power SH DevCo GP LLC) (9008).  The location of the Debtors' service address is:  c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay in the ordinary course of business and consistent with past practice, the Taxes and Fees due and owing, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtors, in their sole discretion, deem necessary, in an amount not to exceed $600 pending entry of a final order; *provided, however*, that notwithstanding anything to the contrary herein, the Debtors are authorized, but not directed, to pay in the ordinary course of business and consistent with past practice, the approximately $1.31 million Second Quarter PILOT Payment.

3.      Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

4.      Nothing in this Interim Order shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise.

5.     The Banks are authorized, when requested by the Debtors in their discretion, to honor and process all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, *provided*, that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

6.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any prepetition obligations authorized in this Interim Order that were dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

7.     Objections to entry of an order granting the Motion on a final basis must be filed by _____, 2022 at 4:00 p.m. (ET) and served on: (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Brian S. Hermann, bhermann@paulweiss.com, John T. Weber, jweber@paulweiss.com, and Alice Nofzinger, anofzinger@paulweiss.com and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan, pmorgan@ycst.com, Andrew L. Magaziner, amagaziner@ycst.com, Katelin A. Morales, kmorales@ycst.com, and Timothy R. Powell, tpowell@ycst.com; (b) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Joseph Cudia, joseph.cudia@usdoj.gov; (c) counsel to the

29210667.1

Prepetition Agent, (i) Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brian Trust, btrust@mayerbrown.com, and Joaquin M. C De Baca, jcdebaca@mayerbrown.com, and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, P.O. Box 951, Wilmington, Delaware 19801, Attn: Christopher M. Samis, csamis@potteranderson.com, and L. Katherine Good, kgood@potteranderson.com; and (d) counsel to any statutory committee appointed in these chapter 11 cases.  A final hearing, if required, on the Motion will be held on _____, 2022 at _____.m. (ET).  If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

8.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

11.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Interim Order.

**<u>EXHIBIT B</u>**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALEM HARBOR POWER DEVELOPMENT LP (f/k/a Footprint Power Salem Harbor Development LP), *et al.*,[1] | Case No. 22-_____ (___) |
| | (Jointly Administered) |
| Debtors. | **Docket Ref Nos. ____ & ____** |

## FINAL ORDER AUTHORIZING (A) PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing the Debtors to pay certain Taxes and Fees and (b) granting related relief, all as more fully set forth in the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the hearing thereon having been given as set forth in the Motion; and such notice having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP) (1360); Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) (2253); Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.) (9509); Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (N/A); Salem Harbor Power FinCo, LP (f/k/a Footprint Power Salem Harbor FinCo, LP) (9219); and SH Power DevCo GP LLC (f/k/a Footprint Power SH DevCo GP LLC) (9008). The location of the Debtors' service address is: c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

29210667.1

circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held an interim hearing and, if necessary, a final hearing to consider the relief requested in the Motion (the "Hearings"); and this Court having entered that certain *Interim Order Authorizing (A) Payment of Certain Prepetition Taxes and Fees and (B) Granting Related Relief* (the "Interim Order"); and upon the First Day Declaration and the record of the Hearings, as applicable; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay in the ordinary course of business and consistent with past practice, the Taxes and Fees due and owing, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtors, in their sole discretion, deem necessary.

3.      Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

4.      The Banks are authorized, when requested by the Debtors in their discretion, to honor and process all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, *provided*, that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the

29210667.1

2

representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5.      Nothing herein shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise.

6.      The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any prepetition obligations authorized in this Final Order that were dishonored or rejected as a consequence of the commencement of these chapter 11 cases.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

9.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Final Order.

29210667.1

3