**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SALEM HARBOR POWER DEVELOPMENT LP (f/k/a Footprint Power Salem Harbor Development LP), *et al.*,[1] | Case No. 22-10239 (MFW) |
| | (Jointly Administered) |
| Debtors. | Docket Ref No. 7 |

**INTERIM ORDER (A) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE, (B) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE, AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of unpaid prepetition invoices, including the making of demands for security deposits or accelerated payment terms, (b) determining that the Debtors have provided each Utility Company with Adequate Assurance, (c) establishing the Adequate Assurance Procedures, and (d) granting related relief, all as more fully set forth in the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP) (1360); Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) (2253); Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.) (9509); Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (N/A); Salem Harbor Power FinCo, LP (f/k/a Footprint Power Salem Harbor FinCo, LP) (9219); and SH Power DevCo GP LLC (f/k/a Footprint Power SH DevCo GP LLC) (9008). The location of the Debtors' service address is: c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the First Day Declaration, as applicable.

29211788.2

Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the hearing thereon having been given as set forth in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List no later than two (2) business days after the date this Interim Order is entered.

3. No later than twenty (20) days after the date the Petition Date, the Debtors shall cause the Utility Deposit to be deposited into a segregated account and held during the pendency of these chapter 11 cases, subject to the procedures approved hereby. Any liens on such segregated account shall extend solely to the estates' reversionary interest in the Utility Deposit.

29211788.2

4. The Debtors' banks and other financial institutions (the "Banks") are authorized, when requested by the Debtors in their discretion, to honor and process all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, *provided*, that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5. The Utility Deposit shall be held in a segregated account until the earlier of (a) this Court's entry of an order authorizing the return of the Utility Deposit to the Debtors, or (b) the effective date of any chapter 11 plan (at which time, the Utility Deposit shall automatically, without further order of this Court, be returned to the Debtors or reorganized Debtors, as applicable).

6. The Utility Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

7. Until such time as this Court enters a final order on the Motion or as otherwise ordered by this Court, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Adequate Assurance.

8. The following Adequate Assurance Procedures are hereby approved on an interim basis:

    a. Any Utility Company that objects to the Adequate Assurance must serve a request (an "Adequate Assurance Request") on (i) proposed co-counsel

29211788.2

3

to the Debtors, (A) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: John T. Weber, jweber@paulweiss.com, and Alice Nofzinger, anofzinger@paulweiss.com, and (B) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Timothy R. Powell, tpowell@ycst.com; (ii) counsel to the Prepetition Agent, (A) Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Brian Trust, btrust@mayerbrown.com, and Joaquin M. C De Baca, jcdebaca@mayerbrown.com, and (B) Potter Anderson & Corroon LLP, 1313 North Market Street, P.O. Box 951, Wilmington, DE 19801, Attn: Christopher M. Samis, csamis@potteranderson.com, and L. Katherine Good, kgood@potteranderson.com; and (iii) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

        b.      Any Adequate Assurance Request must be served on the Notice Parties and must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; and (iii) explain why the Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

        c.      Upon the Debtors' receipt of any Adequate Assurance Request, the Debtors shall have twenty (20) days from the receipt of such Adequate Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Adequate Assurance Request; provided that the Debtors and the applicable Utility Company may extend the Resolution Period by mutual agreement.

        d.      The Debtors are authorized to resolve, in their sole discretion and in consultation with the Prepetition Agent, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of this Court and, in connection with any such agreement, in their sole discretion and in consultation with the Prepetition Agent, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, without further order of this Court, if the Debtors believe such alternative assurance is reasonable.

        e.      If the Debtors determine that an Adequate Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company during the Resolution Period, the Debtors shall request a hearing before this Court to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code (the "Determination Hearing"). Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance.

    f. Upon the discontinuance or termination of any Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Utility Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) two (2) weeks of the estimated costs for such Utility Services and (ii) the amount of the Utility Deposit then attributable to the applicable Utility Company; provided that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Company in full for any outstanding postpetition Utility Services before reducing the Utility Deposit; provided further that the Debtors shall provide five (5) business days' notice to the applicable Utility Company prior to any such reduction (the "<u>Reduction Notice Period</u>").  During such Reduction Notice Period, the applicable Utility Company may object to such reduction on the sole basis that such Utility Company has not been paid in full for any outstanding postpetition Utility Services.  If such Utility Company timely objects during the Reduction Notice Period, the Debtors shall not reduce the Utility Deposit until such objection has been resolved among the parties or by order of this Court.

  9. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

  10. All Utility Companies that do not serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) prohibited from discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

  11. The Debtors are authorized, in their sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Utility Deposit an amount equal to two (2) weeks of the Debtors' estimated costs for each subsequently added or removed Utility Company as soon as practicable.  For Utility Companies that are added to the Utility Services List, the Debtors will serve a copy of this Interim Order, including the Adequate Assurance Procedures, on such subsequently added Utility Company, and augment the Utility Deposit with an amount equal to two (2) weeks of the Debtors' estimated

costs for such added Utility Company within twenty (20) days of its addition. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures, *provided* that any subsequently added Utility Company must serve, on the Notice Parties, any Adequate Assurance Request. The Debtors shall have authority to reduce the Utility Deposit to reflect terminated utility service pursuant to and in accordance with the Adequate Assurance Procedures set forth in paragraph 8 above.

12. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors listed on the Utility Services List, *provided, however*, that this Interim Order shall be binding on any Utility Companies listed on any amended Utility Services List filed with this Court as of the date of service of the notice of the amended Utility Services List.

13. Nothing contained in the Motion, this Interim Order, nor the Debtors' service of the Motion upon the Utility Services List, shall constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors' rights and defenses with respect thereto are fully reserved.

14. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order, or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien (or the priority thereof) against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute or contest such claim or lien on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume or adopt any agreement, contract,

29211788.2

or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or applicable law.

15. Objections to entry of an order granting the Motion on a final basis must be filed by April 14, 2022 at 4:00 p.m. (ET) and served on: (a) proposed counsel to the Debtors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Brian S. Hermann, bhermann@paulweiss.com, John T. Weber, jweber@paulweiss.com, and Alice Nofzinger, anofzinger@paulweiss.com, and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan, pmorgan@ycst.com, Andrew L. Magaziner, amagaziner@ycst.com, and Timothy R. Powell, tpowell@ycst.com; (b) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Joseph Cudia, joseph.cudia@usdoj.gov; (c) counsel to the Prepetition Agent, (i) Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brian Trust, btrust@mayerbrown.com, and Joaquin M. C De Baca, jcdebaca@mayerbrown.com, and (ii) Potter Anderson & Corroon LLP, 1313 North Market Street, P.O. Box 951, Wilmington, Delaware 19801, Attn: Christopher M. Samis, csamis@potteranderson.com, and L. Katherine Good, kgood@potteranderson.com; and (d) proposed counsel to any statutory committee appointed in these chapter 11 cases. A final hearing, if required, on the Motion will be held on April 21, 2022 at 3:00 p.m. (ET). If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

16. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

17. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Interim Order shall be effective immediately and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Interim Order, and (c) the Debtors are authorized and empowered to, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Interim Order.

18. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Interim Order.

Dated: March 25th, 2022  
Wilmington, Delaware

29211788.2

**MARY F. WALRATH**  
**UNITED STATES BANKRUPTCY JUDGE**