## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALEM HARBOR POWER DEVELOPMENT LP (f/k/a Footprint Power Salem Harbor Development LP), *et al.*,[1] | Case No. 22-10239 (MFW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

---

### THIRD-PARTY RELEASE

**PLEASE BE ADVISED THAT <u>ARTICLE VIII</u> OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW. <u>ARTICLE VIII.E</u> OF THE PLAN CONTAINS A THIRD-PARTY RELEASE. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN AS YOUR RIGHTS MAY BE AFFECTED.**

---

       **PLEASE TAKE NOTICE THAT**, on June 30, 2022, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order (the "<u>Disclosure Statement Order</u>"), (a) authorizing Salem Harbor Power Development LP and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), to solicit acceptances for the *Joint Chapter 11 Plan of Salem Harbor Power Development LP and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Salem Harbor Power Development LP and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the

---

[1]    The Debtors in these chapter 11 cases (as defined herein), along with the last four digits of each Debtor's federal tax identification number, are as follows: Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP) (1360); Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) (2253); Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.) (9509); Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (N/A); Salem Harbor Power FinCo, LP (f/k/a Footprint Power Salem Harbor FinCo, LP) (9219); and SH Power DevCo GP LLC (f/k/a Footprint Power SH DevCo GP LLC) (9008). The location of the Debtors' service address is: c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

[2]    Capitalized terms used and not defined have the meanings given to them in the Disclosure Statement and Plan, as applicable.

solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **August 16, 2022 at 10:30 a.m.** prevailing Eastern Time, before the Honorable Mary F. Walrath, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom No. 4, Wilmington, Delaware 19801, or via remote video.

---

**Please be Advised: The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court.**

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.   The record date to determine which Claims in Class 3 (Credit Facility Secured Claims), Class 4 (IEP Judicial Lien Claims) (if applicable), and Class 5 (General Unsecured Claims) are entitled to vote on the Plan is June 28, 2022.

Only holders of Credit Facility Secured Claims (Class 3), IEP Judicial Lien Claims (Class 4) (if applicable), and General Unsecured Claims (Class 5) are entitled to vote to accept or reject the Plan.  All other classes of Claims and Interests are deemed either to accept or reject the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **August 5, 2022, at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' solicitation agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC)[3] (the "Solicitation Agent"), on or before the Voting Deadline.  A failure to follow such instructions may disqualify your vote.

---

**FOR THE AVOIDANCE OF DOUBT, A HOLDER OF CLAIMS AGAINST AND/OR INTERESTS IN THE DEBTORS IS NOT A "RELEASING PARTY" AND IS NOT GRANTING THE THIRD-PARTY RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN UNLESS SUCH HOLDER IS A CONSENTING STAKEHOLDER PARTY TO THE RSA OR OTHERWISE ENTITLED TO VOTE ON THE PLAN.**

---

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 5, 2022**, **at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any

---

[3]    On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **August 5, 2022**, **at 4:00 p.m.** prevailing Eastern Time:

|  | **United States Trustee** |
|---|---|
| Salem Harbor Power Development LP<br>c/o Tateswood Energy Company, LLC<br>480 Wildwood Forest Drive, Suite #475<br>Spring, TX 77380<br>Attn.: John R. Castellano, CRO<br>        jcastellano@alixpartners.com | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite #2207<br>Wilmington, Delaware 19801<br>Attn.: Joseph Cudia<br>        joseph.cudia@usdoj.gov |
| **Counsel to the Debtors** | **Counsel to the Prepetition Agent** |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Attn: Brian S. Hermann<br>        bhermann@paulweiss.com<br>        John T. Weber<br>        jweber@paulweiss.com<br>        Alice Nofzinger<br>        anofzinger@paulweiss.com<br><br>-and-<br><br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Attn: Pauline K. Morgan<br>        pmorgan@ycst.com<br>        Andrew L. Magaziner<br>        amagaziner@ycst.com<br>        Katelin A. Morales<br>        kmorales@ycst.com<br>        Timothy R. Powell<br>        tpowell@ycst.com | Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Attn: Brian Trust<br>        btrust@mayerbrown.com<br>        Joaquin M. C De Baca<br>        jcdebaca@mayerbrown.com<br><br>-and-<br><br>Potter Anderson & Corroon LLP<br>1313 North Market Street, P.O. Box 951<br>Wilmington, Delaware 19801<br>Attn: Christopher M. Samis<br>        csamis@potteranderson.com<br>        L. Katherine Good<br>        kgood@potteranderson.com |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE (THIS "<u>NOTICE</u>"), IT MAY NOT BE CONSIDERED BY THE COURT.**

**IF THE PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING ON ALL OF THE DEBTORS' CREDITORS AND INTEREST HOLDERS.  FAILURE TO FILE A TIMELY OBJECTION TO THE PLAN OR, WITH RESPECT TO THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, TO TIMELY OPT OUT VIA BALLOT OR OPT-OUT FORM, AS APPLICABLE, WILL RESULT, IF THE PLAN IS CONFIRMED, IN THE APPLICATION OF SUCH PROVISIONS OF THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN, TO EACH OF THE DEBTORS' CREDITORS AND INTEREST HOLDERS, AS APPLICABLE.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

## <u>IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS, AND EXCULPATIONS</u>

The Plan contains the following provisions:

**Article VIII.D          <u>Releases by the Debtors</u>**

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, their respective Estates, and any person seeking to exercise the rights of the Debtors or their Estates, and any successors to the Debtors or any Estates or any Estates representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action derivatively, by, through, or for the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims, asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates, and any successors to the Debtors or any Estates representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, or that any holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Credit Facility, the assertion or**

enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, the Investigation, any Avoidance Actions, intercompany transactions between or among a Debtor and another Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the RSA, the Disclosure Statement, the Bidding Procedures, the Plan (including, for the avoidance of doubt, the Plan Supplement), the Cash Collateral Orders, the Exit Facility, the Standalone Restructuring, or any portion of the Restructuring Transactions, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the RSA, the Disclosure Statement, the Bidding Procedures, the Plan, the Plan Supplement, the Cash Collateral Orders, the Exit Facility, the Standalone Restructuring, or any portion of the Restructuring Transactions, before or during the Chapter 11 Cases, the Filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, including all Avoidance Actions or other relief obtained by the Debtors in the Chapter 11 Cases, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or any Claim or obligation arising under the Plan.

**Article VIII.E**          **Releases by Holders of Claims and Interests**

Except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released by each Releasing Party from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or non-contingent, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Credit Facility, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, the Investigation, any Avoidance Actions, intercompany transactions

between or among a Debtor and another Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the RSA, the Disclosure Statement, the Bidding Procedures, the Plan (including, for the avoidance of doubt, the Plan Supplement), the Cash Collateral Orders, the Exit Facility, the Standalone Restructuring, or any portion of the Restructuring Transactions, contract, instrument, release, or other agreement or document created or entered into in connection with the RSA, the Disclosure Statement, the Bidding Procedures, the Plan, the Plan Supplement, the Cash Collateral Orders, the Exit Facility, the Standalone Restructuring, or any portion of the Restructuring Transactions, before or during the Chapter 11 Cases, the Filing of the Chapter 11 Cases, the Disclosure Statement or the Plan, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any party of any obligations related to customary banking products, banking services or other financial accommodations (except as may be expressly amended or modified by the Plan or any other financing document under and as defined therein), (2) any post Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, any Definitive Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit Facility documents, or any Claim or obligation arising under the Plan, or (3) any claims or causes of action against any Equity Party by any Entity that is, was or becomes a holder of a Credit Facility Claim for contribution or indemnification in respect of (a) any claims or causes of action asserted by IEP (or any successor or successor in interest thereto) against a holder of a Credit Facility Claim related to DevCo or the Credit Agreement or (b) solely to the extent any such claims for contribution or indemnification are applicable to an Equity Party in such context, obligations associated with the demolition or remediation of real property assets of DevCo ((a) and (b) together, the "<u>Lender Preserved Indemnity and Contribution Claims</u>"); *provided* that the release set forth in Article VIII.E shall not release any claims, counterclaims, defenses or any rights related thereto of any Equity Party with respect to the Lender Preserved Indemnity and Contribution Claims.

**Article VIII.F**          <u>Exculpation</u>

Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claims and Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the RSA, the Disclosure Statement, the Bidding Procedures, the Investigation, the Plan, the Plan Supplement, the Cash Collateral Orders, the Exit Facility, the Standalone Restructuring, or any portion of the Restructuring Transactions, contract,

instrument, release or other agreement or document, including any Definitive Document, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place from the Petition Date through and including the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

**Article VIII.G          Injunction**

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Except as otherwise set forth in the Confirmation Order, each holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

<u>In addition, the Plan contains the following related definitions</u>:

- "<u>Released Parties</u>" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) each Consenting Stakeholder; (c) the Prepetition Agent; (d) the asset managers for the Salem Harbor Facility as of the Effective Date; (e) with respect to each of the foregoing (a) through (d), such Entities' respective current and former Affiliates, and such Entities' and their current and former Affiliates' current and former officers, managers, directors, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), principals, members, predecessors, successors, assigns, subsidiaries, employees, agents, managed accounts or funds, management companies, fund advisors, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each strictly in their capacity as such; *provided*, *however*, that, any direct holder of Interests in TopCo that is not a Debtor nor a Consenting Stakeholder, and such Entity's current and former officers, managers, directors, limited partners, general partners, equity holders (regardless of whether such interests are held directly or indirectly), principals, members, predecessors, successors, assigns, subsidiaries and employees, collectively, shall not be Released Parties.

- "<u>Releasing Parties</u>" means, collectively, and in each case solely in its capacity as such: (a) each Consenting Stakeholder; (b) the Prepetition Agent; (c) the asset managers for the Salem Harbor Facility as of the Effective Date; (d) all holders of Claims who vote to accept the Plan; and (e) all holders of Claims that vote to reject the Plan and do not opt out of granting the releases in Article VIII.E of the Plan.

- "<u>Exculpated Parties</u>" means (a) the Debtors, (b) the Debtors' current and former directors, managers, and officers (including Mr. John Castellano, the Debtors' Chief Restructuring Officer) that served during the pendency of the Chapter 11 Cases, and (c) financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals retained by the Debtors pursuant to an order of the Court.

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES

In accordance with Article V of the Plan, on the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, all Executory Contracts and Unexpired Leases shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Court, as of the Effective Date under section 365 of the Bankruptcy Code, and regardless of whether or not such Executory Contract or Unexpired Lease is identified on the Schedule of Assumed Executory Contracts and Unexpired Leases, unless such Executory Contract or Unexpired Lease: (a) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Court; (b) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (c) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the date of entry of the Confirmation Order; or (d) with the consent of the Required Consenting Lenders and the Prepetition Agent, is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Executory Contracts and Unexpired Leases.

The Plan also provides that the Debtors shall provide notice of proposed assumption or assumption and assignment and proposed cure amounts to the applicable contract and lease counterparties, together with procedures for objecting thereto and resolution of disputes by the Court.  To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption or assumption and assignment of their Executory Contract or Unexpired Lease (and any corresponding cure claim) pursuant to the Plan, the Debtors will serve via first-class U.S. mail, electronic mail, or overnight delivery the Assumption Notice within the time periods specified in the Plan and by no later than ten (10) days prior to the Voting Deadline.

## ADDITIONAL INFORMATION

**Additional Information**.  Copies of the Plan and the Disclosure Statement, as well as other filings in the chapter 11 cases, may be obtained free of charge by visiting the website maintained by the Debtors' Solicitation Agent by: (a) calling the Debtors' restructuring hotline at **(844) 205-7534 (Domestic, toll-free)** or **+1 (646) 813-2944 (International)**; (b) visiting the Debtors' restructuring website at: https://cases.ra.kroll.com/salemharbor; (c) writing to Salem Harbor Power Development LP Ballot Processing Center, c/o Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; and/or (d) emailing salemharborinfo@ra.kroll.com.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not provide legal advice.

**Filing the Plan Supplement**.  The Debtors will file the initial Plan Supplement (as defined in the Plan) on or before ten (10) days prior to the Voting Deadline and will serve notice on all holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**Binding Nature of the Plan**:

**If confirmed, the Plan will bind all holders of Claims and Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these chapter 11 cases, or failed to vote to accept or reject the Plan, or voted to reject the Plan.**

---

Dated:   July 5, 2022

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Andrew L. Magaziner*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Katelin A. Morales (No. 6683)
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:     (302) 571-6600
Fax:     (302) 571-1253
Email:  pmorgan@ycst.com
            amagaziner@ycst.com
            kmorales@ycst.com
            tpowell@ycst.com

- and -

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
John T. Weber (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:     (212) 373-3000
Fax:     (212) 757-3990
Email:  bhermann@paulweiss.com
            jweber@paulweiss.com
            anofzinger@paulweiss.com

*Counsel to the Debtors and
Debtors in Possession*