## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALEM HARBOR POWER DEVELOPMENT LP (f/k/a Footprint Power Salem Harbor Development LP), *et al.*,[1] | Case No. 22-10239 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: September 20, 2022 at 10:30 a.m. (ET)**<br>**Obj. Deadline: September 13, 2022 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF ORDERS (A) DISMISSING CHAPTER 11 CASES OF HIGHSTAR SALEM HARBOR HOLDINGS GP, LLC (F/K/A HIGHSTAR FOOTPRINT HOLDINGS GP, LLC), HIGHSTAR SALEM HARBOR POWER HOLDINGS L.P. (F/K/A HIGHSTAR FOOTPRINT POWER HOLDINGS L.P.), AND SALEM HARBOR POWER FINCO GP, LLC (F/K/A FOOTPRINT POWER SALEM HARBOR FINCO GP, LLC), (B) MODIFYING THE CAPTION OF THE REMAINING DEBTORS' CHAPTER 11 CASES, AND (C) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this motion (this "Motion") for entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Initial Order" and the "Dismissal Order," respectively, and together, the "Proposed Orders"), pursuant to sections 105(a), 305(a), 349, 363, and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) dismissing the chapter 11 cases of Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC), Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP) (1360); Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) (2253); Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.) (9509); Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (N/A); Salem Harbor Power FinCo, LP (f/k/a Footprint Power Salem Harbor FinCo, LP) (9219); and SH Power DevCo GP LLC (f/k/a Footprint Power SH DevCo GP LLC) (9008).  The location of the Debtors' service address is: c/o Tateswood Energy Company, LLC, 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

Salem Harbor Power FinCo GP, LLC (f/k/a Footprint Power Salem Harbor FinCo GP, LLC) (collectively, the "Withdrawing Debtors"), (b) modifying the caption of the remaining Debtors' chapter 11 cases (the "Plan Debtors"), and (c) granting related relief.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue for these chapter 11 cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 305(a), 349, 363, and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017.

## BACKGROUND

3.      On March 23, 2022, the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are authorized to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  To date, no trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Disclosure Statement [D.I. 290] and the *Declaration of John R. Castellano in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 9].

6.      On June 30, 2022, the Debtors filed the solicitation version of the *Joint Chapter 11 Plan of Salem Harbor Power Development LP and Its Debtor Affiliates* [D.I. 289], which was amended on August 16, 2022 [D.I. 412] (as confirmed, the "Plan").[2] Prior to the Plan being confirmed, on August 11, 2022, and pursuant to Article X.C of the Plan, the Debtors filed the *Notice of Withdrawal of Plan With Respect to Certain Debtors* [D.I. 371] (the "Withdrawal Notice") withdrawing the Plan as to the Withdrawing Debtors.  As explained to the Court and other interested parties, the Withdrawal Notice was filed because no voting class at any of the Withdrawing Debtors voted to approve the Plan, and, consequently, the Debtors could not confirm the Plan as to any of the Withdrawing Debtors due to a lack of an impaired accepting class at each of the Withdrawing Debtors.

7.      On August 18, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Salem Harbor Power Development LP and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 423], thereby confirming the Plan.  As of the date hereof, the Plan has not gone effective.

**RELIEF REQUESTED**

8.      The Debtors request entry of:  (a) the Initial Order authorizing the Debtors to dismiss the Withdrawing Debtors' chapter 11 cases, effective as of the Effective Date; and (b) the Dismissal Order (upon the filing of the Certification (as defined below)) (i) dismissing the

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

Withdrawing Debtors' chapter 11 cases, effective as of the Effective Date, and (ii) modifying the caption of the Plan Debtors' chapter 11 cases, effective as of the Effective Date.

## <u>BASIS FOR RELIEF</u>

**A.      The Court Must Dismiss the Withdrawing Debtors' Cases if the Elements for "Cause" Are Shown Under Section 1112(b)(4) of the Bankruptcy Code**

9.      Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall dismiss a bankruptcy case "for cause."   Section 1112(b)(1) of the Bankruptcy Code states, in pertinent part:

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1112(b)(1).  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("<u>BAPCPA</u>") changed the statutory language with respect to conversion and dismissal from permissive to mandatory.[3]  *See* H.R. Rep. 109-31(I), at 442, *reprinted in* 2005 U.S.C.C.A.N. 88, 94 (stating that the Act "mandate[s] that the court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause, absent unusual circumstances."); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556 (Bankr. M.D. Pa. 2007) (stating that the amendments to section 1112 of the Bankruptcy Code limit the court's discretion to refuse to dismiss or convert a chapter  11 case upon a finding of cause); *accord In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully

---

[3]      Prior to BAPCPA, a bankruptcy court had wide discretion to use its equitable powers to dispose of a debtor's case but was not mandated to dismiss a case if cause were shown.  H.R. Rep. No. 95-595, at 405 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 117 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787; *see also Small Business Admin. v. Preferred Door Co. (In re Preferred Door Co.)*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under § 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under section 1112(b)).

limited the role of the Court in deciding issues of conversion or dismissal such that the Court has

no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the

elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4).").

10.     The amendments to section 1112 of the Bankruptcy Code thus limit the

Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause.  *In re*

*3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found,

the court shall dismiss or convert unless special circumstances exist that establish that the

requested conversion or dismissal is not in the best interests of creditors and the estate."); *see also*

*In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D.S.C. 2007).

11.     For reasons more fully explained below, cause exists to dismiss the

Withdrawing Debtors' chapter 11 cases, which shall be effective as of the Effective Date, and

dismissal is in the best interests of the Withdrawing Debtors, their estates, and their creditors.

**B.     Cause Exists to Dismiss the Withdrawing Debtors' Chapter 11 Cases Because the Entities Have No Assets Available for Distribution and No Benefit Can Be Achieved in a Liquidation of the Withdrawing Debtors Because Nothing Exists to Administer**

12.     Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list

of sixteen (16) grounds for dismissal.  11 U.S.C. § 1112(b)(4)(A)-(P); s*ee In re Gateway Access*

*Solutions*, 374 B.R. at 561 ("Generally, such lists are viewed as illustrative rather than exhaustive,

and the Court should 'consider other factors as they arise.'" (quoting *In re Brown*, 951 F.2d 564,

572 (3d Cir. 1991))); *In re 3 Ram, Inc.*, 343 B.R. at 117 ("While the enumerated examples of

'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under

BAPCPA, the fact that they are illustrative, not exhaustive has not."); *accord In re Frieouf*, 938

F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b)'s list is non-exhaustive).[4]  One such

ground is where a party in interest shows that there is a "substantial or continuing loss to or

diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  11 U.S.C.

§ 1112(b)(4)(A).

13.     To demonstrate a continuing loss to or diminution of the estate and absence

of a reasonable likelihood of rehabilitation, a debtor must establish:  (a) that there has been a

diminution of value of the estate; and (b) the debtor does not have a "reasonable likelihood of

rehabilitation."  *See, e.g.*, *In re Citi-Toledo Partner*s, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994)

("Section 1112(b)(1) contemplates a 'two-fold' inquiry into whether there has been a 'continuing

diminution of the estate and absence of a reasonable likelihood of rehabilitation.'" (citing *In re*

*Photo Promotion Associates, Inc.*, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985))).

14.     Under the two-fold inquiry, the Withdrawing Debtors must first

demonstrate that there has been a diminution of value of their estates.  *See, e.g., In re Citi-Toledo*

*Partners*, 170 B.R. at 606 (finding that accumulation of real estate taxes impaired the value of the

estate).  Second, the Withdrawing Debtors must demonstrate that they have no "reasonable

likelihood of rehabilitation."  *See, e.g.*, *In re Clarkson*, 767 F.2d 417, 420 (8th Cir. 1985) (dismissal

warranted where "the absence of financial data and certain sources of income for the [debtors]

indicate[d] the absence of a reasonable likelihood of rehabilitation").

15.     Here, the Withdrawing Debtors satisfy the two-fold inquiry.  First, the

Withdrawing Debtors do not conduct any business and have no assets to liquidate and distribute

---

[4]     In *In re TCR of Denver*, the court recognized the apparent typographical error in section 1112(b)(4) of the
Bankruptcy Code.  *See* 338 B.R. at 498.  The sixteen (16) illustrative examples of "cause" set forth in that section
are linked by the word "and" after subsection (O).  Accordingly, strict construction of the statute would require
that a debtor establish all of the items constituting "cause" before a case can be dismissed by the court.  However,
the *TCR* court held that Congress could not have intended to require a "perfect storm" of all sixteen (16)
circumstances listed before a case could be converted or dismissed.  *Id.*

to satisfy the claims of any class of creditors.  While the Withdrawing Debtors believe that there are no valid prepetition claims (other than contingent, disputed, and unliquidated prepetition claims) that can be asserted against them,[5] administrative claims, such as fees of the United States Trustee (the "U.S. Trustee," and such fees, the "U.S. Trustee Fees"), may accrue each day these cases remain open.  The Withdrawing Debtors have no assets available for liquidation or distribution.[6]  Second, the Withdrawing Debtors have no business around which to reorganize.

16.    Moreover, while no longer an enumerated ground under amended section 1112 of the Bankruptcy Code, dismissal of a chapter 11 case is appropriate where the court finds that a feasible plan is not possible.  *In re 3 Ram*, 343 B.R. at 117–18.  If a chapter 11 debtor cannot achieve a reorganization within the statutory requirements of the Bankruptcy Code, then there is no point in expending estate assets on administrative expenses, or delaying creditors in the exercise of their nonbankruptcy law rights.  *Id.* at 118 (citing, *inter alia*, *In re Brown*, 951 F.2d at 572).

17.    Here, the Withdrawing Debtors do not have sufficient assets to propose, let alone seek confirmation of, a plan of liquidation and provide any recovery to parties because they have no assets and no go-forward source of cash from which they could satisfy distributions to creditors.  Accordingly, the Withdrawing Debtors are unable to consummate a liquidating plan.

18.    In sum, the Withdrawing Debtors have met their burden and their chapter 11 cases should be dismissed under section 1112(b)(4) of the Bankruptcy Code due to the continuing

---

[5]    The only Claims asserted against the Withdrawing Debtors in these chapter 11 cases are:  (a) claims relating to a pending state court litigation filed against Highstar Salem Harbor Holdings GP, LLC (f/k/a Highstar Footprint Holdings GP, LLC) and Highstar Salem Harbor Power Holdings L.P. (f/k/a Highstar Footprint Power Holdings L.P.); and (b) claims for indemnity or contribution pursuant to the Withdrawing Debtors' applicable organizational documents.

[6]    For the avoidance of doubt the Withdrawing Debtors acknowledge their responsibility, pursuant to 28 U.S.C. § 1930, to pay any accrued and unpaid U.S. Trustee Fees through the date that the Dismissal Order is entered.

loss to, or diminution of, the Withdrawing Debtors' estates, the absence of a reasonable likelihood of rehabilitation, and the fact that a liquidating plan is not feasible under the circumstances of their chapter 11 cases.

## C.  Dismissal Is in the Best Interests of the Withdrawing Debtors' Creditors and Estates

19.     Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must evaluate whether dismissal is in the best interests of the debtor's creditors and of the estate.  *See, e.g.*, *In re Superior Siding & Window*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert.").  A variety of factors demonstrate that it is in the best interest of the Withdrawing Debtors' estates and their creditors to dismiss the Withdrawing Debtors' chapter 11 cases.

20.     *First*, a dismissal of a chapter 11 bankruptcy case meets the best interests of creditors test where a debtor has nothing to reorganize.  *See In re Camden Ordnance Mfg. Co. of Ark., Inc.*, 245 B.R. 794, 799 (E.D. Pa. 2000) (reorganization to salvage business which ceased business was unfeasible); *In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (court dismissed chapter 11 proceeding in part where there was "simply nothing to reorganize" and no reason to continue the reorganization).  As explained above, the Withdrawing Debtors have nothing to reorganize.  Thus, it is in the best interests of the creditors to dismiss the Withdrawing Debtors' chapter 11 cases because no assets will be available for distribution, and sufficient funds are not available to propose a plan of liquidation.

21.     *Second*, the best interests of creditors test is met where a debtor demonstrates the ability to oversee its own liquidation without court oversight.  *See Camden Ordinance*, 245 B.R. at 798; *Mazzocone,* 183 B.R. at 412 ("Only when a Chapter 11 debtor has no intention or ability to . . . perform its own liquidation … should a debtor be permitted to remain in bankruptcy.").  Here, the Withdrawing Debtors have no assets to liquidate.  The ultimate

wind-down and dissolution, as applicable, of the Withdrawing Debtors can be accomplished outside the auspices of the Court.

22.     *Third, and finally*, dismissal of the Withdrawing Debtors' chapter 11 cases will maximize the value of the their estates because the alternative—conversion to a chapter 7 liquidation and appointment of a trustee—is unnecessary and could impose significant additional administrative costs upon the Withdrawing Debtors' estates with no assets to satisfy such costs. By continuing in bankruptcy under chapter 7, the Withdrawing Debtors would incur additional administrative expenses that they would be unable to pay.

**D.     Dismissal of the Withdrawing Debtors' Chapter 11 Cases Is Warranted Under Section 305(a) of the Bankruptcy Code**

23.     Alternatively, cause exists to dismiss the Withdrawing Debtors' chapter 11 cases pursuant to section 305(a) of the Bankruptcy Code, which provides that:

(a) The court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension[.]

11 U.S.C. § 305(a).

24.     Dismissal pursuant to section 305(a) of the Bankruptcy Code is an extraordinary remedy, and dismissal is only appropriate where the court finds that both creditors and the debtor would be better served by dismissal. *In re AMC Investors, LLC*, 406 B.R. 478, 487–88 (Bankr. D. Del. 2009). Dismissal under this provision is determined on a case-by-case basis and rests in the sound discretion of the bankruptcy court. *In re Sky Group Intern, Inc*., 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989). Many factors are considered when determining the best interests of creditors and the debtor, including (a) the economy and efficiency of administration, (b) whether federal proceedings are necessary to reach a just and equitable solution, (c) whether

there is an alternative means of achieving an equitable distribution of assets, and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case.  *AMC Investors*, 406 B.R. at 488.

25.    As described above, cause exists for dismissal.  The Withdrawing Debtors will be unable to pursue and confirm a plan.  With no assets to administer or distribute, conversion to chapter 7 would impose additional administrative costs with no corresponding benefit to the Withdrawing Debtors' creditors or their estates.

### E.    The Certification Process and the Request for Entry of Dismissal Order Is Reasonable Under the Circumstances.

26.    As soon as reasonably practicable following the filing of a certification of counsel stating that the conditions precedent to dismissal have been met (the "<u>Certification</u>"), the Debtors request that the Court enter the Dismissal Order, substantially in the form attached hereto as **<u>Exhibit B</u>**.  The Certification shall verify that the Debtors have paid all U.S. Trustee Fees for all disbursements made by the Withdrawing Debtors through the date of such Certification, notwithstanding that the Withdrawing Debtors shall only be required to file monthly operating reports for the applicable periods through and concluding upon the date of entry of the Initial Order.

### <u>NOTICE</u>

27.    Notice of this Motion will be provided to:  (a) U.S. Trustee (Attn: Joseph Cudia); (b) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) counsel to the Prepetition Agent; (f) the Environmental Protection Agency and similar state agencies for states in which the Debtors conduct business; (g) the Federal Energy Regulatory Commission; (h) all creditors, as provided in Bankruptcy Rule 2002(a)(4); and

(i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of (a) the Initial Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, (b) the Dismissal Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein, and (c) such other relief as the Court may deem just and proper.

Dated: August 30, 2022

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Timothy R. Powell*
Pauline K. Morgan (No. 3650)
Andrew L. Magaziner (No. 5426)
Katelin A. Morales (No. 6683)
Timothy R. Powell (No. 6894)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:     (302) 571-6600
Fax:     (302) 571-1253
Email:  pmorgan@ycst.com
        amagaziner@ycst.com
        kmorales@ycst.com
        tpowell@ycst.com

- and -

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
John T. Weber (admitted *pro hac vice*)
Alice Nofzinger (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:     (212) 373-3000
Fax:     (212) 757-3990
Email:  bhermann@paulweiss.com
        jweber@paulweiss.com
        anofzinger@paulweiss.com

*Counsel to the Debtors and
Debtors in Possession*